UNITED STATES of America,
Plaintiff—Appellant,

v.

Vernon M. SMOKER, Defendant—
Appellee.

No. 02–30311.
D.C. No. CR–02–00037–DWM.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted July 11, 2003.

Decided July 21, 2003.

Before REAVLEY,* TASHIMA, and
PAEZ, Circuit Judges.

MEMORANDUM**

The United States appeals from an order granting Defendant Vernon Smoker's motion to suppress evidence obtained during a consensual search of his van. The district court determined that Smoker's consent was coerced and involuntary. We review the district court's finding of voluntariness for clear error, *United States v. Kaplan*, 895 F.2d 618, 622 (9th Cir.1990), and we affirm.

Whether consent to search was voluntarily given or not is determined from the totality of all the circumstances. *United States v. Chan–Jimenez*, 125 F.3d 1324, 1327 (9th Cir.1997). Under a totality of the circumstances inquiry, we do not merely tally the relevant factors and arrive at a mathematically certain result; rather, our inquiry requires a "careful sifting of the unique facts and circumstances of each case," permitting reversal only where the district court's determination is clearly erroneous. *Schneckloth v. Bustamonte*, 412 U.S. 218, 233, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973).

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The government argues that the district court gave undue weight to Officer Hartsell's failure to inform Smoker of his right to refuse consent, in direct violation of the Supreme Court's holdings in *United States v. Watson*, 423 U.S. 411, 424, 96 S.Ct. 820, 46 L.Ed.2d 598 (1976) ("the absence of proof that Watson knew he could withhold his consent ... is not to be given controlling significance"), and *United States v. Drayton*, 536 U.S. 194, 206–07, 122 S.Ct. 2105, 153 L.Ed.2d 242 (2002) (no "presumption of invalidity attaches if a citizen consented without explicit notification that he or she was free to refuse to cooperate"). Although the district court may have implied that it might not have found Smoker's consent involuntary if he had been informed of his right to consent, the district court considered this fact in combination with his arrest, the handcuffing, his placement in the patrol car, and his lack of understanding of his right to require the officers to first obtain a warrant, in concluding that Smoker's consent was involuntary. Because we see no indication that the district court gave undue weight to any one factor, we reject the government's argument on this point.

The government also argues that the district court failed to identify any relevant authority supporting its determination where, as here, the only factors suggesting coercion were that the defendant was in custody and had not been informed of his right to refuse consent. However, each case involves a unique set of facts, all of which must be considered in examining the voluntariness of a defendant's consent. Further, the district court also noted that Smoker had not been informed that he could require the officers to attempt to obtain a search warrant before searching the van.

Although there are conflicting views in our case law regarding whether an officer's failure to inform a suspect that a search warrant could be obtained weighs in favor of or against a finding of voluntariness, *see United States v. Cormier*, 220 F.3d 1103, 1112–13 (9th Cir.2000), the district court relied on *United States v. Torres-Sanchez*, 83 F.3d 1123, 1130 (9th Cir. 1996), in concluding that this factor supported his conclusion that Smoker's consent was involuntarily coerced. As *Cormier* and *Torres-Sanchez* recognize, the application of the fifth factor depends on the particular circumstances of the case and a failure to inform a defendant that a search warrant could be obtained can constitute a failure to apprise him of all his legal rights. *Cormier*, 220 F.3d at 1112.

Here, Smoker's license and registration had been seized; he had been blocked into the corner of the parking lot for 41 minutes prior to his arrest; he had been arrested, handcuffed, and placed in the backseat of the police vehicle and also had not been informed of his right to refuse consent before Officer Hartsell requested his permission to search; and there is no evidence to suggest that he should have been aware of these rights, *see Watson*, 423 U.S. at 425 n. 14, 96 S.Ct. 820 (inspector making arrest in circumstances in question had arrested defendant years earlier for mail theft, and defendant had furnished information to the authorities in the ensuing two years); *Cormier*, 220 F.3d at 1113 (defendant had a "very long, detailed and thorough experience with law enforcement" which "increase[d] the likelihood that Cormier was already aware of his rights to refuse consent and to remain silent"). Under these circumstances, we cannot say that the district court's determination was clearly erroneous.

**AFFIRMED.**